**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

KASEYA US LLC,

    Plaintiff,

vs.

JACINTO BATISTA,

    Defendant.

_____/

**COMPLAINT**

Plaintiff Kaseya US LLC ("Kaseya") sues Defendant Jacinto Batista ("Batista"), and says:

**INTRODUCTION**

1. Kaseya brings this action for injunctive relief and damages to remedy misappropriation by Batista of trade secrets and other confidential and proprietary business information belonging to Kaseya and to enforce contractual promises made and breached by Batista. As detailed below, Kaseya seeks relief pursuant to: (1) the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*; (2) the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001–688.009; and (3) a Confidential Information, Nondisclosure, Noncompetition, Nonsolicitation and Invention Assignment Agreement containing contractual promises by Batista to Kaseya.

2. As set forth below, while still affiliated with Kaseya, Batista improperly used his own position as Global Payroll Manager of Kaseya to access and acquire Kaseya's trade secrets

1

and other confidential and proprietary business information, and in doing so cause irreparable harm to Kaseya.

## GENERAL ALLEGATIONS

### Jurisdiction, parties and venue

3. This is an action for injunctive relief and damages. The Court has original subject-matter jurisdiction over the claims asserted in Count I pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c). The Court has supplemental jurisdiction over the related claims asserted in Counts II and III of this action pursuant to 28 U.S.C. § 1367(c).

4. Kaseya is a Delaware limited liability company qualified to do business in the State of Florida. Now headquartered in Miami, Kaseya is the leading global provider of IT Management Solutions for managed service providers and internal IT organizations. Founded over twenty years ago, Kaseya currently serves customers in over 25 countries across a wide variety of industries, and employees personnel around the world to do so.

5. Batista is an adult citizen and resident of the State of Florida and domiciled in Pembroke Pines, Florida. Accordingly, personal jurisdiction is properly exercised over Batista in this action and he is otherwise *sui juris*.

6. Venue in the United States District Court for the Southern District of Florida is proper in this action under 28 U.S.C. § 1391(b)(1), in that Batista resides in this District. In addition, venue is proper here under 28 U.S.C. § 1391(b)(2), in that the events giving rise to the claims in this action occurred in this District.

**The information and interests the relief sought here is necessary to protect**

7. For the purpose of operating its business, Kaseya provides certain personnel, like Batista, access to valuable, confidential Kaseya business information, including information constituting trade secrets under federal and Florida law.

8. Batista has been Kaseya's Global Payroll Manager since April 2018. In that position, Batista was given access to confidential, password protected, databases and information concerning Kaseya's workforce, including the home addresses, earnings, and bank account numbers of employees.

9. Access to Kaseya's databases and information is strictly limited. Individuals affiliated with Kaseya – including Batista – are obligated to comply with Kaseya's written policies governing the protection of Kaseya's databases and information and are obligated to maintain that information as confidential business information and trade secrets. Similarly, Batista was obligated in writing to return all Kaseya property, materials or written information in their possession or control upon his departure from Kaseya.

**The conduct giving rise to this action**

10. On June 26, 2023, Batista tendered his resignation to Kaseya, effective July 7, 2023.

11. Shortly before his resignation, for no legitimate business purpose, Batista used his access to Kaseya's databases to obtain confidential business information concerning Kaseya's agents, such as personal identifying information, banking information, and compensation information. This business information is used by Kaseya as part of its business operations throughout the United States and around the globe.

12. The business information improperly obtained and retained by Batista is proprietary and confidential to Kaseya. Kaseya derives actual and potential economic value from the information and from the fact it is not generally known to or ascertainable by proper means by competitors of Kaseya. Kaseya protects the secrecy of this information, including by safeguarding and restricting its access and through use of contractual restrictions, limiting disclosure and use of such information.

13. In order to address and remedy the conduct set forth above, Kaseya has been forced to incur costs, expenses and attorneys fees associated with the prosecution of this claims set forth below.

## COUNT I
## DEFEND TRADE SECRETS ACT OF 2016

14. Kaseya seeks injunctive relief and damages against Batista pursuant to the Defend Trade Secrets Act of 2018, 18 U.S.C. §1836, *et seq.* Kaseya incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

15. The confidential and proprietary business information improperly obtained and retained by Batista, as specified above, constitutes "trade secrets" as that term is defined by 18 U.S.C. § 1839(3). Kaseya is the "owner" of those trade secrets, as that term is defined by 18 U.S.C. § 1839(4).

16. Batista's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined by 18 U.S.C. § 1839(5)(A) and (5)(B). More specifically, Batista has: (a) acquired Kaseya's trade secrets without Kaseya's consent with the knowledge that his acquisition of Kaseya's trade secrets was accomplished through improper means, including Batista's own breach of duty to maintain the secrecy of Kaseya's trade secrets and/or limit use of Kaseya's trade secrets.

17.     Batista's conduct has caused actual loss to Kaseya, and threatens additional and future loss to Kaseya if not enjoined by the Court, as a direct and proximate result of Batista's misappropriation of Kaseya's trade secrets.   This actual loss includes the costs, expenses and potential penalties associated with liability to third-parties created by Batista's misappropriation of the information taken.

**WHEREFORE**, Kaseya respectfully requests that the Court:

(1)     pursuant to 18 U.S.C. § 1836(b)(3)(A), (a) order Batista to inventory and return all Kaseya information in his possession, custody or control to Kaseya; (b) enjoin Batista and all others in active concert or participation with him, from directly or indirectly using the Kaseya information for any other purpose;

(2)     pursuant to 18 U.S.C. § 1836(b)(3)(B), award damages to Kaseya for the actual loss caused by Batista's misappropriation and any unjust enrichment caused by Batista's misappropriation that is not addressed in computing actual loss;

(3)     grant Kaseya such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

## COUNT II
## FLORIDA UNIFORM TRADE SECRETS ACT

18.     Kaseya seeks injunctive relief and damages against Batista pursuant to the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001–688.009D.   Kaseya incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

19.     The confidential and proprietary business information improperly obtained and retained by Batista, as specified above, constitutes "trade secrets" as that term is defined by Florida Statute § 688.002(4).

20. Batista's conduct constitutes actual "misappropriation" and threatened future "misappropriation," as that term is defined Florida Statute §§ 688.002(2)(a) and (2)(b). More specifically, Batista has: (a) acquired Kaseya's trade secrets without Kaseya's consent with the knowledge that his acquisition of Kasya's trade secrets was accomplished through improper means, including Batista's own breach of his duty to maintain the secrecy of Kaseya's trade secrets and/or limit his use of Kaseya's trade secrets; (b) used Kaseya's trade secrets without Kaseya's consent knowing he had acquired Kaseya's trade secrets under a duty to maintain the secrecy of Kaseya's trade secrets and/or limit his use of Kaseya's trade secrets; and (c) used Kaseya's trade secrets without Kaseya's consent with knowledge that the information was derived through his own improper means.

21. Batista's conduct has caused actual loss to Kaseya, and threatens additional and future loss to Kaseya if not enjoined by the Court, as a direct and proximate result of Batista's misappropriation of Kaseya's trade secrets. This actual loss includes the costs, expenses and potential penalties associated with liability to third-parties created by Batista's misappropriation of the information taken.

**WHEREFORE**, Kaseya respectfully requests that the Court:

(1) pursuant to Florida Statute § 688.003: (a) order Batista to inventory and return all Kaseya's information in his possession, custody or control to Kaseya; (b) enjoin Kaseya and all others in active concert or participation with him, from using such information for any other purpose;

(2) pursuant to Florida Statute § 688.004(1), award damages to Kaseya for the actual loss caused by Batista's misappropriation and any unjust enrichment caused by Batista's misappropriation that is not taken into account in computing actual loss;

(3)     pursuant to Florida Statute § 688.004(2), award exemplary damages in an appropriate amount;

(4)     pursuant to Florida Statute § 688.005 and other applicable law, award Kaseya its costs and expenses of this action, including reasonable attorneys' fees, appellate fees and disbursements; and

(5)     grant Kaseya such other and further relief as this Court deems just, necessary and proper, including the costs and expenses due a prevailing party pursuant to applicable law.

## COUNT III
## BREACH OF CONTRACT

22.     Kaseya incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

23.     On or about April 23, 2018, Batista and Kaseya entered into a Confidential Information, Nondisclosure, Noncompetition, Nonsolicitation and Invention Assignment Agreement (the "Agreement"), a true and correct copy of which is attached hereto at Exhibit A and incorporated herein.

24.     The Agreement defines, as "Confidential Information," information regarding Kaseya's agents and business, whether or not prepared in whole or in part by Batista, to which Batista has access to or learns of solely by virtue of his employment with Kaseya. (Agreement, ¶ 2).

25.     Pursuant to the Agreement, Batista was obligated to "deliver immediately" to Kaseya upon his termination of employment "all [ ] data, files, records, reports, documents or other written or electronic material, [ ] belonging to [Kaseya]" and prohibited from retaining any information defined as Confidential by the Agreement.  (Agreement, ¶ 4).

26. Batista's conduct constitutes a breach of the Agreement and has directly and proximately caused actual loss to Kaseya, and threatens additional and future loss to Kaseya if not enjoined by the Court, as a direct and proximate result of Batista's misappropriation of Kaseya's confidential business information.

**WHEREFORE**, Kaseya respectfully requests that the Court:

(1) order Batista to inventory and return all Kaseya information in his possession, custody or control to Kaseya;

(2) award damages to Kaseya for the actual loss caused by Batista's breach of the Agreement;

(3) grant Kaseya such other and further relief as this Court deems just, necessary and proper.

Dated: July 10, 2023.

Respectfully submitted,

s/ *Eric K. Gabrielle*
Eric K. Gabrielle (Florida Bar No. 160725)
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida 33301
Telephone: 954-462-9527
Facsimile: 954-462-9567
*Attorneys for Plaintiff*